**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

SHAWN MCCOY                                                     PETITIONER

v.                                        CIVIL ACTION NO.: 3:21-cv-494-KHJ-MTP

WARDEN SHANNON WITHERS                                          RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Shawn McCoy's Petition for Writ of Habeas Corpus [1] pursuant to pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be denied.

## BACKGROUND

Petitioner Shawn McCoy[1] is an inmate in the custody of the United States Bureau of Prisons ("BOP") serving a 396-month sentence for conspiracy to distribute and possession with intent to distribute crack, intentional murder while engaged in a major drug conspiracy, murder in the course of using and carrying a firearm, and possession of a firearm in furtherance of a drug crime. ([17-1] at 2). He asserts in the instant Petition [1] that his federal sentence has not been properly credited with time he served in state custody from November 20, 2002 to December 22, 2006.[2] ([1] at 7). Respondent argues that McCoy has received all of the credit that he is entitled to towards his federal sentence, and that his Petition [1] should be dismissed. The parties having filed their supporting memoranda, this matter is ripe for review.

---

[1] Petitioner also assumed the names Mark Townson, Michael Streat, and "Red" and is identified by these names in multiple documents in the docket. ([17-1]).

[2] While McCoy requests credit toward his sentence for this period of time, the significance of these dates is not clear. Nevertheless, the Court will review all legal theories presented by McCoy and the relevant dates for each theory.

**ANALYSIS**

Computing a federal sentence requires two separate determinations: (1) when did the sentence commence and (2) whether the defendant is entitled to credit for time previously spent in custody. *See* 18 U.S.C. § 3585. Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence. "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Section 3585 also provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. §3585(b) (emphasis added).

On September 25, 2002, Petitioner was sentenced by Albany County Court in Albany, New York to a seven-year term of imprisonment for his attempted criminal sale of a controlled substance. ([17-1] at 1). Less than a month later, on October 22, 2002, Petitioner was indicted in the United States District Court for the Southern District of New York for the subject federal crimes. ([17-1] at 2). On November 25, 2002, he was taken from New York state custody into federal custody by the United States Marshals pursuant to a writ of habeas corpus *ad prosequendum* so that he could be tried for criminal charges pending in the United States District Court for the Southern District of New York. ([17-1] at 2).

On December 13, 2004, while in temporary federal custody, Petitioner was sentenced by the Bronx County Supreme Court, in Bronx, New York, to a 12-year term of imprisonment. ([17-1] at 2). On December 30, 2004, he was returned to state custody with a federal detainer. On March 24, 2005, Petitioner was taken into temporary federal custody pursuant to a federal writ. On October 27, 2006, he was sentenced by the United States District Court for the Southern District of New York to a 396-month term of imprisonment. ([17-1] at 2). On December 7, 2006, he was returned to state custody with a federal detainer. On March 29, 2007, Petitioner was paroled by New York state custody into the custody of the United States Marshals. ([17-1] at 2).

When McCoy filed his Petition [1], his federal sentence was calculated as beginning on March 29, 2007, the day he was paroled from his state sentence and entered into the exclusive custody of the U.S. Marshals. ([17-1] at 2). However, after the Petition [1] was filed, Respondent sought clarification of McCoy's sentence from the United States District Court for the Southern District of New York. On December 14, 2021, the District Court entered an Amended Judgment, clarifying that McCoy was to serve 396 months to "run concurrent with the undischarged New York State sentence." ([17-1] at 74).

Along with the Response [17], Respondent submitted an affidavit from Michelle Hassler, a Management Analyst for the BOP. ([17-1] at 1-3). According to Hassler, the amended judgment changed the imposition date of McCoy's sentence to October 27, 2006, the date the original federal judgment was entered. ([17-1] at 3). Other than this change, Hassler maintains that McCoy is not entitled to any further credit toward his federal sentence.

McCoy seeks jail credit for November 20, 2002, through December 22, 2006. ([1] at 7). However, McCoy is not eligible for credit toward his federal sentence for anytime between October 3, 2002 (the date he was admitted to the New York Department of Corrections) through

3

October 26, 2006 (the date before his federal sentence was imposed), as all of this time was credited toward his state sentence. ([17-1] at 3). The Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992). After the amended judgment was entered, the BOP gave McCoy credit toward his federal sentence for the time he served between October 27, 2006 through December 22, 2006 (the remaining dates for which he seeks jail credit). *Id.* Accordingly, no further jail credits are appropriate.

McCoy also argues that he was entitled to a *nunc pro tunc* designation. ([18] at 2). In other words, McCoy argues that the BOP should have designated his state prison as his place of confinement and counted his federal sentence as running concurrent with his state sentence. "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). To receive a *nunc pro tunc* designation, the federal sentence must have been imposed before the state sentence. *Id.*; *see also Smith*, 950 F.3d at 287 (5th Cir. 2020) (holding that because the petitioner's federal sentence was imposed after his state sentence, and not before, "the BOP could not have abused its discretion by not considering the request" for *nunc pro tunc* designation). McCoy's federal sentence was not imposed before his state sentences. McCoy's sentences from both the Albany County Court, of Albany, New York and the Bronx County Supreme Court, Bronx, New York occurred prior to his federal sentencing in October of 2006. Thus, McCoy is not entitled to a *nunc pro tunc* designation. *See Valdez v. Mosely*, 2018 WL 4622309, at *3 (S.D. Miss. Aug. 20, 2018).

McCoy's assertion that he is entitled to credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) is also without merit. *Willis* credit represents a narrow exception to the prohibition against double-counting presentence credit under 18 U.S.C. § 3585(b)(1) and provides that when a period of time spent in presentence state custody after the commission of the federal offense has been credited against the state sentence, that period will also be credited to a concurrent federal sentence if the application of the credit on the state sentence was of no benefit to the inmate. *Id*. "But a prisoner cannot *retroactively* receive federal credit for time previously served in state prison, because 'sentences [cannot] be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. 2001)(citing *United States v. Flores,* 616 F.3d 840, 841 (5th Cir.1980)). In McCoy's case, his federal sentence commenced on October 27, 2006, while his state sentences began on September 25, 2002 and December 13, 2004. He is not eligible to receive "double credit" for that time period between September 25, 2002 and October 27, 2006. *Id*.

McCoy has failed to demonstrate that he is entitled to credit on his federal sentence which has not already been awarded by the BOP.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  THIS the 6th day of April, 2023.

        s/Michael T. Parker
        UNITED STATES MAGISTRATE JUDGE