UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAWN MCCOY, # 54404-054            PETITIONER

V.            CIVIL ACTION NO. 3:21-CV-494-KHJ-MTP

WARDEN SHANNON WITHERS            RESPONDENT

ORDER

Before the Court is the [23] Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. For the following reasons, the Court adopts the Report as its findings.

I. Background

McCoy is an inmate in the custody of the United States Bureau of Prisons ("BOP") serving a 396-month sentence for conspiracy to distribute and possession with intent to distribute crack, intentional murder while engaged in a major drug conspiracy, murder while using and carrying a firearm, and possession of a firearm in furtherance of a drug crime. Hassler Decl. [17-1] ¶ 8, 14. He was first arrested in New York on July 3, 2002, for attempted sale of a controlled substance. *Id.* ¶ 5. A New York state court sentenced him on September 25, 2002, to a seven-year term of imprisonment for that charge. *Id.* ¶ 6. Less than a month later, a Grand Jury indicted him in the United States District Court for the Southern District of New York for the federal crimes for which he currently serves his federal sentence. *Id.* ¶ 8. The United States Marshals took him into temporary federal custody pursuant to

a writ of habeas corpus ad prosequendum on October 22, 2002, to appear for those charges. *Id.* ¶¶ 9–10.

While in temporary federal custody, another New York state court sentenced him to a 12-year term of imprisonment on December 13, 2004. *Id.* ¶ 11. McCoy returned to state custody with a federal detainer, then returned to U.S. Marshal custody under a federal writ. *Id.* ¶ 12–13. The Southern District of New York then sentenced him to his 396-month term of imprisonment on October 27, 2006. *Id.* ¶ 14. He received 92 days of credit for his time in state custody from July 3, 2002—the date of his arrest in New York—to October 2, 2002—the day before he began his first state sentence. *Id.* ¶ 17–18.

McCoy served his state sentences from October 3, 2002, to March 29, 2007, when he was transferred to federal custody. *Id.* ¶ 18. On December 14, 2021, the Southern District of New York clarified in an amended judgment that McCoy's federal sentence was to run concurrent with the undischarged portion of his state sentences. *Id.* at 74. That clarification changed his federal-sentence-imposition date to October 27, 2006, and it entitled him to about two months of jail-time credit. *Id* ¶ 18.

McCoy filed his [1] Petition for a Writ of Habeas Corpus, asserting the BOP did not properly credit his federal sentence with time he served in state custody from November 20, 2002, to December 22, 2006. [1] at 7. Respondent Warden Shannon Withers argues McCoy has received all credit that he is entitled to towards his federal sentence. [17] at 9. The Magistrate Judge recommends

dismissal of McCoy's petition for that same reason. [23] at 5. McCoy timely filed objections to the Report. [26]. Withers then filed a [27] Response in Support of the Report.

II.   Standard

The Court reviews de novo the portions of the Report and Recommendation to which McCoy objects, 28 U.S.C. § 636(b)(1), and the remaining portions under a "clearly erroneous, abuse of discretion[,] and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406–07 (5th Cir. Unit B 1982)).

III.  Analysis

The only argument McCoy presents in his objections is that *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) entitles him to jail-time credit. [26] at 1–2. He presented that argument to the Magistrate Judge. *See* [18] at 1; [23] at 5. The Court reviews the argument de novo. 28 U.S.C.§ 636(b)(1).

McCoy's objections say he should get jail-time credit for a different period than his original request in his [1] Petition. *Compare* [1] at 7 (requesting jail-time credit from November 20, 2002, to December 22, 2006), *with* [26] at 3 (requesting jail-time credit from October 3, 2002, to October 27, 2006). To the extent that he intended to argue his entitlement to the "new" period in his objections, "grounds for relief raised for the first time in a petitioner's objections to Magistrate Judge's

3

recommendation are not properly before the Court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). The Court need not consider that relief, and it turns to McCoy's argument on the original relief requested in his [1] Petition.

A defendant cannot receive credit toward his federal sentence that he already received toward his state sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); 18 U.S.C. § 3585(b)(1). In *Willis v. United States*, the Fifth Circuit provided a narrow exception to that "double credit" prohibition when the BOP gives credit for presentence custody based on the state-issued presentence custody being "of no benefit to the inmate." *See Wooten v Blackmon*, No. 3:16-CV-446, 2019 WL 2453686, at *2 n.2 (S.D. Miss. May 3, 2019) (discussing *Willis*, 438 F.2d at 923). But [a] federal inmate . . . cannot receive credit for time served prior to the beginning of his federal sentence if that time was already credited against a state sentence." *Monroe v. Longley*, No. 5:11-CV-123, 2012 WL 2792177, at *3 (S.D. Miss. June 13, 2012), *report and recommendation adopted* 2012 WL 2792156 (S.D. Miss. July 9, 2012) (citing *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *Wilson*, 503 U.S. at 337)).

McCoy received presentence credit toward his state sentence. *See* [17-1] ¶¶ 17–18. Specifically, he received 92 days toward his state sentence, computed from July 3, 2002, to October 2, 2002. *Id.* at 70. Accordingly, he has already received credit toward his state sentence and cannot also receive it for his federal sentence. *See Wilson*, 503 U.S. at 337.

McCoy also refers to the Declaration of Michelle Hassler, BOP Management Analyst, to argue McCoy's "federal sentence . . . run[s] concurrent to both of [his state] sentences." [26] at 2; see [17-1]. But he does not otherwise explain how the Declaration supports his position. The Declaration indicates he received credit toward his state sentences and that none of that time can be credited toward his federal sentence. [17-1] ¶ 18. Accordingly, the Declaration does not support his position.

The Court has reviewed the remaining portions of the Report to which McCoy does not object. The remaining portions are neither clearly erroneous nor contrary to law. See Wilson, 864 F.2d at 1221. Accordingly, the Court adopts the Report as the findings of this Court.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. The Court adopts as its findings and conclusions of the [23] Report and Recommendation of United States Magistrate Judge Michael T. Parker and DISMISSES the Petition [1] with prejudice.

The Court will issue a separate Final Judgment consistent with this Order.

SO ORDERED, this the 20th day of June, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE